**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AARON HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-1425-HE |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Aaron Hall, seeks judicial review of the Social Security Administration's denial of disability insurance benefits and supplemental security income benefits. United States District Judge Joe Heaton has referred this matter for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be affirmed.

**I.     Procedural Background**

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on July 27, 2011, alleging a disability onset date of January 1, 2008. The Social Security Administration denied the applications initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. *See* Administrative Record (AR) [Doc. No. 10], 10-23. The Appeals Council denied Plaintiff's request for review. AR 1-3. This appeal followed.

**II.    The ALJ's Decision**

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential

evaluations process); *see also* 20 C.F.R. §§ 404.1520; 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, January 1, 2008. AR 12. At step two, the ALJ determined that Plaintiff has the following severe impairments: status post cervical disease and paranoia. *Id*. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*.

The ALJ next determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he could occasionally reach overhead with both upper extremities. He has the ability to follow simple instructions. He could not interact with the general public.

AR 14. At step four, the ALJ concluded that Plaintiff was unable to perform his past relevant work as a construction laborer. AR 21. At step five, the ALJ relied on the testimony of a vocational expert (VE), and found there are other jobs existing in significant numbers in the national economy that Plaintiff can perform including housekeeper, merchandise marker and routing clerk. AR 22. Thus, the ALJ found at the final step of the sequential evaluation that Plaintiff is not disabled for purposes of the Social Security Act. AR 23.

### III.   Plaintiff's Claims

Plaintiff raises the following claims of error: (1) the ALJ's RFC assessment is not supported by substantial evidence because it is not "expressed in proper work-related functions;" (2) the ALJ failed to properly assess the credibility of Mrs. Hall, Plaintiff's wife; and (3) the ALJ failed to consider the disability determination from Plaintiff's Workers' Compensation case.

**IV.     Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if other evidence in the record overwhelms the evidence upon which the ALJ relied, or if there is a mere scintilla of evidence supporting the decision. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**V.     Analysis**

    **A.     Challenges to the ALJ's RFC and Step-Five Determinations**

        **1.     Nonexertional Limitations Expressed in Work-Related Functions**

Relying on *Jaramillo v. Colvin*, 576 F. App'x 870 (10th Cir. 2014) (unpublished), Plaintiff contends the ALJ's RFC determination does not comply with Social Security Ruling (SSR) 96-8p, 1996 WL 374184. This ruling requires the ALJ to express nonexertional limitations in the RFC in terms of functional limitations as opposed to relying solely on the skill

3

level. According to Plaintiff, the ALJ's mental RFC determination is not logically connected to the findings reported on the Mental Residual Functional Capacity Assessment (MRFCA), AR 412-414, completed by an agency doctor. In a related argument, Plaintiff contends the ALJ's hypothetical question to the VE did not adequately describe the functional limitations caused by Plaintiff's mental impairments:

> The first hypothetical I want you to consider assumes a 50-year-old individual who has accomplished a ninth grade education, who possesses the strength to perform a wide range of light work[.] [T]his hypothetical individual would be able to follow simple instructions with no interaction with the general public.

AR 46.

In *Jaramillo*, one doctor, Dr. Mellon, had stated the claimant had moderate limitations in the ability to carry out instructions, attend and concentrate, and work without supervision. *Jaramillo*, at 872.[1] The ALJ's RFC in that case merely limited the claimant to "simple, routine, repetitive, and unskilled tasks." The Tenth Circuit Court of Appeals concluded the ALJ's RFC was tantamount to simply limiting the claimant to unskilled work and that "[n]one of the basic mental abilities of unskilled work described in SSR 85-15 captures any of the three *moderate* limitations Dr. Mellon found … nor do the additional limitations to simple, routine and repetitive tasks." *Id*. at 876 (emphasis in original). *Id.* at 875-876. Thus, the Court found that the

---

[1] It does not appear these limitations were identified in the MRFCA. A different doctor, Dr. Walker, completed the MRFCA. Dr. Walker found the claimant suffered moderate limitations in the ability to "(1) maintain attention and concentration for extended periods; (2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (3) sustain an ordinary routine without special supervision; (4) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (5) accept instructions and respond appropriately to criticism from supervisors; (6) respond appropriately to changes in the work setting; and (7) set realistic goals or make plans independently of others." *Id*. at 873 (internal quotations omitted). In the narrative, Dr. Walker opined that the claimant "can understand, remember, and carry out simple instructions, make simple decisions, attend and concentrate for two hours at a time, interact adequately with co-workers and supervisors, and respond appropriately to changes in a routine work setting." *Id*.

limitation to "simple, routine, repetitive, and *unskilled tasks*," included in the ALJ's hypothetical question to the VE, did not clearly convey the moderate limitations Dr. Mellon had found. *Id.* (emphasis added).

> SSR 85-15 explains the mental requirements of all unskilled work:
>
>> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting.

These work-related mental functions are required of all people performing unskilled work. An RFC including only those same functional mental limitations, as was the case in *Jaramillo*, would not adequately demonstrate that the claimant had moderate functional mental limitations over and above those applicable to all unskilled work.

In this case the MRFC rated Plaintiff's ability to understand, remember and carry out "detailed instructions" as "moderately impaired." AR 412. The MRFC rated Plaintiff's ability to follow simple instructions as "not significantly impaired." Thus, in contrast to the facts in *Jaramillo*, both the RFC and the hypothetical question to the VE tracked the findings in the MRFC. The ALJ did not merely include a limitation to "unskilled work" as "shorthand for the specific mental abilities described in SSR 85-15," as did the ALJ in *Jaramillo. Id.* at 875. Rather, the ALJ incorporated the specific findings reflected in the MRFCA, in functional terms, both in the RFC and the hypothetical question to the VE.

In her Response, the Commissioner addressed this argument ultimately stating, "*Jaramillo* is not controlling in this case." Response at p. 7. The Commissioner then reframed Plaintiff's assignment of error as an issue regarding which part of the MRFCA is controlling for purposes of an ALJ's RFC determination:

> Instead, the issue in this case is whether the ALJ's RFC accurately reflects the findings on the State agency's MRFC form. The Defendant submits that it does. "The [program operations manual system (POMS)] provides that Section III of the [mental RFC assessment], not Section I, is for recording a medical consultant's formal mental RFC assessment, and that adjudicators are to use the Section III narrative as the RFC assessment." *Carver v. Colvin*, No. 14-5056, 2015 WL307084, at *2 (10th Cir. Jan. 20, 2015) (unpublished) (citing POMS DI 24510.060 and rejecting the plaintiff's argument that the [ALJ] erred in not mentioning the moderate limitations on performance indicated in Section I of the Mental Residual Functional Capacity form where the ALJ relied on the state agency's ultimate opinion in Section III).

Response at p. 7. Although Plaintiff did not initially raise this precise assignment of error, he adopts it from the Commissioner's Response and devotes a good portion of his Reply to this issue. For that reason, the undersigned will address the argument.

Part I of the MRFCA is entitled "Summary Conclusions." As stated on the MRFCA form itself, "[t]his section is for recording summary conclusions derived from the evidence in file." AR 412. Part I includes mental activities divided into four categories: Understanding and Memory, Sustained Concentration and Persistence, Social Interaction and Adaptation – categories A-D, respectively. AR 412-413. The MRFCA directs that "[e]ach mental activity is to be evaluated within the context of the individual's capacity to sustain that activity over a normal workday and workweek, on an ongoing basis." AR 412.

Under category A, Understanding and Memory, the state agency doctor checked a box indicating that Plaintiff has a moderate limitation only in the ability to understand and remember detailed instructions. There were no significant limitations found in the other two subcategories—the ability to remember locations and work-like procedures and the ability to understand and remember very short and simple instructions. *Id.*

Under category B, Sustained Concentration and Pace, the state agency doctor checked a box indicating Plaintiff has a moderate limitation in the ability to carry out detailed instructions. The state agency doctor found Plaintiff not to be significantly limited in any of the other seven subcategories. AR 412-413.

Under category C, Social Interaction, the state agency doctor found Plaintiff to be moderately limited in his ability to interact appropriately with the general public, but not significantly limited in the other four subcategories. AR 413. The state agency doctor found no significant limitations under category D, Adaptation. *Id*.

Part III of the MRFCA requires the examiner to elaborate in narrative form on the summary conclusions identified in Part I. AR 414. The state agency doctor stated that Plaintiff can "perform simple and some complex tasks," "relate to others on a superficial work basis" and "adapt to a work situation." *Id.*

In the RFC, the ALJ stated Plaintiff could "*follow simple instructions*," and could not "interact with the general public." AR 14 (emphasis added). In his hypothetical question to the VE, the ALJ specified the hypothetical individual would be "able to *follow simple instructions* with no interaction with the general public." AR 46 (emphasis added).

Plaintiff mischaracterizes the ALJ's hypothetical question to the VE as "limiting the hypothetical [individual] to *simple work* and no public contact." Plaintiff's Brief at p. 5; Reply at p. 4 (emphasis added). But as quoted above, the ALJ actually expressed his hypothetical question in functional terms, stating the hypothetical individual could "*follow simple instructions*." AR 46 (emphasis added). The ALJ did not state that Plaintiff was limited to "*simple work*," as characterized by the Plaintiff. Thus, the ALJ's hypothetical question to the VE

7

tracked the ALJ's RFC, and both the RFC and the hypothetical question described Plaintiff's nonexertional limitations in terms of work-related mental activities.

### 2. Limitations in Social Functioning

Plaintiff also challenges the ALJ's RFC because it does not contain limitations related to Plaintiff's alleged "social phobias." Plaintiff's Brief at p. 5. Essentially, Plaintiff is arguing that his moderately impaired ability to interact appropriately with the general public necessarily means he would have difficulty interacting with "coworkers and supervisors that he will be working closely with every day." *Id.* Plaintiff states, "That's social interaction too." Plaintiff's Brief at p. 5; Reply at p. 5. Plaintiff has offered no support for this sweeping generalization, and his argument is directly contradicted by the MRFCA, which states, "Claimant can relate to others on a superficial work basis." AR 414.

### 3. Jobs Identified by the VE at Step Five

Plaintiff contends the ALJ's step-five determination is not supported by substantial evidence because two of the jobs identified by the VE require a Reasoning Level of two. "Reasoning Level 2" is defined in the Dictionary of Occupational Titles (DOT), as the ability to "[a]pply commonsense understanding to carry out detailed *but uninvolved* written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DICOT 209.587-034, 1991 WL 671802 (Merchandise Marker); DICOT 222.587-038, 1991 WL 672123 (Routing Clerk) (emphasis added).

Plaintiff contends the ALJ's step-five determination is not supported by substantial evidence because the state agency doctors "said no detailed work." Plaintiff's Brief at 6. But the MRFCA actually stated that Plaintiff could "perform simple and some complex tasks." AR 414. The Tenth Circuit Court of Appeals has found that the limitation to performing "simple work

tasks" is consistent with Reasoning Level 2 as defined in the DOT. *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (RFC limitation to "simple and repetitive tasks" is consistent with level two reasoning). In this case, Plaintiff arguably has the ability to do more than just "simple work tasks" as he can "perform simple and some complex tasks. AR 414.

Moreover, the VE identified three jobs that the hypothetical individual could perform. The third job was that of "Housekeeping Cleaner," DOT code 323.687-014. This job requires only Reasoning Level 1, defined as the ability to "Apply commonsense understanding to carry out simple one-or-two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.* DICOT 323.687-014, 1991 WL 672783. The VE testified there are 1,300 housekeeping jobs in Oklahoma and 268,000 in the national economy. Thus, even if the court were to find Plaintiff could perform only the housekeeping job, a significant number of such jobs exist in the national economy that Plaintiff could perform. *See Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) ("the controlling statutes, federal regulations, and case law all indicate that the proper focus generally must be on jobs in the national, not regional, economy"); *see also Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) (unpublished) (11,000 jobs in the national economy constituted substantial evidence to support a determination of nondisability). Thus, the ALJ's step-five finding is supported by substantial evidence.

B. **Credibility Analysis**

Plaintiff's wife, Venita Hall, submitted a Function Report, AR 188-195, and testified at the administrative hearing regarding Plaintiff's impairments and limited daily activities. AR 41-46. Mrs. Hall's testimony closely tracked the evidence she had provided in the Function Report.

In his decision, the ALJ included a clear and accurate summary of the evidence elicited from Mrs. Hall along with evidence of functional limitations from other sources. AR 15.

Unquestionably, the ALJ considered the evidence Mrs. Hall provided. But Plaintiff contends the ALJ erred in failing to "affirmatively link any of the factors [listed in SSR 96-7p] to specific evidence as regards the claimant's wife Venita Hall." Plaintiff's Brief at p. 6. Plaintiff's reliance on SSR 96-7p is misplaced. The ruling seeks to clarify the proper analysis of a claimant's own testimony regarding the severity of his symptoms:

> For clarity, the discussions in this Ruling refer only to *claims of individuals claiming disability benefits under title II and individuals age 18 or older claiming disability benefits under title XVI.*

SSR 96-7P, 1996 WL 374186 (July 2, 1996) at *9 n.1 (emphasis added). The case law cited by Plaintiff also refers to the testimony of the claimant himself. *See Kepler v Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (assuming objective medical evidence showed claimant had a back problem producing pain, the ALJ was required "to consider *her assertions of severe pain*" and to decide whether he believed them) (emphasis added). Moreover, the Tenth Circuit has held that an ALJ is not required to make specific written findings of credibility of lay testimony when the ALJ's decision reflects the ALJ considered the testimony. *Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006) (the ALJ is not required to make specific written findings of each witness's credibility if the written decision reflects that the ALJ considered the testimony). Because the ALJ's decision demonstrates his consideration of Mrs. Hall's testimony, the ALJ did not err in failing to make specific written findings regarding the credibility of Mrs. Hall's testimony.

    C.    **<u>Workers' Compensation Evaluation</u>**

As his final claim of error, Plaintiff faults the ALJ for not properly addressing "a finding of disability." Plaintiff's Brief at 8. The document to which Plaintiff refers is a "Joint Petition"

settling Plaintiff's Workers' Compensation claim arising from the work-related injury to his neck and right shoulder. AR 125. The document recites a permanent disability rating of 25%. *Id.*

It is well established that a disability rating by another agency, while not binding on the Commissioner, "is evidence that the ALJ must consider and explain why he did not find it persuasive." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). Here, the ALJ did not specifically mention the 25% permanent disability found by the Workers' Compensation Court. The ALJ did, however, discuss the medical records arising from Plaintiff's accident. AR 15-17. These records, pertaining solely to Plaintiff's physical impairments, support the ALJ's step-four finding that Plaintiff could not return to his past relevant work as construction laborer because that work is performed at the very heavy exertional level. AR 46.

Moreover, in this appeal, Plaintiff does not contest the ALJ's physical RFC determination. Thus, even if the ALJ's failure to specifically mention the 25% disability rating were error, that error would be harmless. Plaintiff has not demonstrated otherwise. *See Shinseki v. Sanders,* 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination").

## **RECOMMENDATION**

In sum, the ALJ properly expressed Plaintiff's nonexertional limitations in terms of work-related functions, the ALJ's hypothetical question to the VE was sound, and his step-five findings were supported by sufficient evidence. The ALJ's decision reflects that he considered Mrs. Hall's testimony, and the ALJ's failure to mention Plaintiff's 25% disability rating of the Workers' Compensation court was harmless error. For these reasons, it is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by the 7th day of December, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 16th day of November, 2015.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE