# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AARON HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-1425-HE |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Aaron Hall ("Hall") filed this appeal from the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits and supplemental security income benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to U. S. Magistrate Judge Bernard M. Jones, who has recommended that the Commissioner's decision be affirmed. Hall filed an objection to the Report and Recommendation. After conducting a *de novo* review,[1] the court concludes that the Report and Recommendation should be adopted and the decision of the Commissioner affirmed.

Hall applied for disability insurance benefits and supplemental security income benefits, alleging he became disabled on January 1, 2008. The Social Security Administration denied his application on initial consideration and reconsideration. Hall then

---

[1]*The general standards applicable to the court's review are set out in the Report and Recommendation and will not be repeated here.*

requested a hearing by an administrative law judge ("ALJ"). An ALJ held a hearing and issued an unfavorable decision on July 3, 2013, concluding that Hall was capable of performing work other than his past relevant work, such as the work of a housekeeper, a merchandise marker, or a routing clerk. The ALJ therefore determined that Hall was not disabled under the Social Security Act. The Appeals Council denied plaintiff's request for review, so the ALJ's decision is the final decision of the Commissioner.

Here, Hall asserts three errors in the ALJ's determination. First, he claims that in assessing Hall's Residual Functional Capacity ("RFC"), the ALJ failed to include work-related functional limitations that reflected Hall's impairments of paranoia and limited ability to understand, remember, and carry out detailed instructions.[2] Second, he claims the ALJ did not sufficiently explain his basis for treating as less than fully credible the testimony of Hall's wife. Third, Mr. Hall asserts the ALJ failed to consider evidence that Hall was found disabled by a workers' compensation court.

The Report and Recommendation ("R&R") rejected each of Hall's claims of error. Regarding the RFC assessment, Judge Jones determined the ALJ properly accounted for Hall's paranoia with a restriction of no interaction with the general public and properly accounted for Hall's limited ability to understand, remember, and carry out detailed instructions with an assessment that he could follow simple instructions. With respect to

---

[2]*The ALJ's RFC assessment found that Hall had the ability to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except that he could only occasionally reach overhead with both upper extremities, had the ability to follow simple instructions, and could not interact with the general public.*

2

Hall's assertion of error as to the credibility determination, Judge Jones concluded the ALJ considered the testimony of Hall's wife but was under no obligation to make specific written findings as to her credibility. Finally, with respect to the resolution of the workers' compensation claim, the R&R noted that while the ALJ did not specifically mention the workers compensation determination, he did consider medical records arising out of the underlying accident. Further, the magistrate judge concluded any error in not specifically mentioning the workers compensation decision was harmless, as that decision related to plaintiff's physical impairments rather than the treatment of mental limitations challenged here.

Hall's objection purports to incorporate various arguments contained in his earlier briefs. However, the incorporation of prior arguments by reference is generally insufficient to preserve an argument for review. *See* Collins v. Colvin, No. 15-6073, 2016 WL 66503, at *2 (10th Cir. Jan. 6, 2016). Arguments not specifically addressed in the body of an objection are therefore waived. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059–60 (10th Cir. 1996). The argument that Hall's objection does preserve is whether the ALJ's assessment of RFC properly accounted for Hall's mental impairments. For substantially the same reasons as are stated in the R & R, the court concludes the ALJ's decision and explanation sufficiently accounted for plaintiff's mental limitations.

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. No. 20] and **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED**.

Dated this 31st day of March, 2016.

                                                 JOE HEATON
                                                 CHIEF U.S. DISTRICT JUDGE